IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUMMER ORSI, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| LITIGATION SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW the Plaintiff, SUMMER ORSI, by and through her attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, and MASSIMO A. TERZIGNI, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

PARTIES

1. Plaintiff, SUMMER ORSI, (hereinafter referred to as "Plaintiff") is an adult citizen of the Commonwealth of Pennsylvania, residing in Allegheny County.

2. Defendant, LITIGATIONS SOLUTIONS, INC., (hereinafter referred to as "Defendant"), is a Pennsylvania business corporation with its registered offices at 707 Grant Street, Suite 707, Pittsburgh, Pennsylvania 15222 and 101 Towne Square Way, Pittsburgh, Pennsylvania 15227.

3. At all times relevant hereto, Defendant was acting through its partners, directors, agents, subsidiaries, officers, employees and assigns acting within the full scope of their respective agency, office, employment or assignment.

4. Defendant is, and at all times relevant to this Complaint has been, an employer in an industry affecting commerce within the meaning of Section 701(b) of the Civil Rights Act of

1966 and 42 U.S.C. Section 2000e-5(3), and is thus covered by the provisions of Title VII of the Civil Rights Act of 1991.

## JURISDICTION AND VENUE

5. This is an action to redress the deprivation by the Defendant of the Plaintiff's civil rights, and, in particular, the right to be free from illegal, invidious and damaging discrimination and retaliation in her employment on account of her sex, which rights are guaranteed by the Constitution of the United States and the laws and statutes enacted pursuant thereto, and in particular, Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, *et seq.* (as amended)("Title VII") and the Civil Rights Act of 1991 (as amended), as well as pendent state law claims. Declaratory relief is sought under and by virtue of Title 28 U.S.C. Section 2201 and 2202. Jurisdiction of this Honorable Court is founded upon Title 28 U.S.C. Section 1331 and 1343(3), and by Title 42 U.S.C. Section 2000(e). Jurisdiction of this Court for Count III herein is founded upon the Equal Pay Act, 29 U.S.C., Section 201, *et seq*. The Court is empowered to consider the claims outlined in Count IV hereto under the doctrine of pendent jurisdiction.

6. All, or substantially all, of the events, facts and circumstances giving rise to the instant Complaint occurred in the Western District of Pennsylvania and therefore venue is appropriate under Title 28 U.S.C. §1391 (b)(2) and (c).

7. Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended, and in particular:

    A.    Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about November 20, 2014, and said charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

    B.    The EEOC issued a Notice of Dismissal and Right to Sue dated September 15, 2015; and

   C. Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notices of Dismissal and Right to Sue.

8. A JURY TRIAL IS DEMANDED AS TO ALL COUNTS TO THE EXTENT PERMITTED BY LAW.

## FACTUAL ALLEGATIONS

9. Plaintiff was employed by the Defendant from June 26, 2006, through her constructive discharge on September 10, 2015. Plaintiff held various positions with the Defendant, the most recent being investigator.

10. In 2013, Plaintiff was promoted from supervisor to manager. Throughout her tenure in the manager position, her supervisor, John Tomasic, a male employee of the Defendant, subjected Plaintiff to multiple sexually discriminatory and hostile statements.

11. Mr. Tomasic made statements that included, but were not limited to, the following: "women do not make good managers" and "single women without children can devote more time to work." In addition, when discussing her future with the Defendant, Mr. Tomasic asked Plaintiff if she was planning on having children anytime soon.

12. Mr. Tomasic regularly criticized Plaintiff's job performance and threatened to terminate her despite the fact that productivity increased while Plaintiff held the manager position.

13. In addition, throughout her employment with the Defendant, Plaintiff was paid significantly less than male employees of the Defendant for doing the same or substantially the same work.

14. Moreover, Defendant's male employees were treated more favorably than Plaintiff in that they were not subjected to constant excessive scrutiny and threats of termination, as was the Plaintiff.

15.  On November 14, 2014, Plaintiff reported the aforementioned sexually hostile comments and conduct of Mr. Tomasic to Defendant's vice president, Steve Mazefsky.  Although Plaintiff made this report to Mr. Mazefsky indicating that she was working in an environment that was pervaded by sexual hostility and discrimination created and perpetuated by Mr. Tomasic, no investigation of Plaintiff's complaints was made by Mr. Mazefsky, nor anyone else on behalf of the Defendant.  Furthermore, the Defendant took no steps of any kind in an effort to remedy the conduct of Mr. Tomasic, including counseling, disciplinary action, demotion and/or termination.

16.  Instead, shortly after Plaintiff reported the actions of Mr. Tomasic to Mr. Mazefsky, Plaintiff was demoted from a management position to the position of investigator.  The reason provided for Plaintiff's demotion was that she was unable to work with Mr. Tomasic.

17.  The Defendant's stated reason for Plaintiff's demotion is pretextual and unworthy of belief in light of Mr. Tomasic's aforementioned discriminatory and harassing conduct towards Plaintiff, as well as the fact that Plaintiff's demotion occurred after Plaintiff engaged in the protected activity of reporting Mr. Tomasic's discriminatory and harassing conduct to Defendant's management.

18.  Mr. Tomasic's discriminatory and harassing statements and conduct, as well as the aforementioned retaliatory acts, created a work environment that was hostile to women.  The hostility was so pervasive that it materially affected Plaintiff's ability to do her job, and, ultimately, forced her to resign from her position with the Defendant on or about September 10, 2015.

COUNT I:

SEXUAL (GENDER) DISCRIMINATION

19.     Plaintiff incorporates by reference Paragraphs 1 through 18 as though fully set forth at length herein.

20.      As described hereinbefore above, Plaintiff was subjected to the following discrimination: sexually discriminatory comments, a sexually hostile work environment, being paid less than similarly situated male employees for substantially similar work, as well as being treated less favorably than male employees in terms of dialing working conditions, including but not limited to the level of scrutiny placed on Plaintiff's day to day performance of her duties. This conduct ultimately led to the Plaintiff's constructive discharge.

21.     As a direct result of the Defendant's discriminatory and retaliatory actions in violation of Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, the Plaintiff has lost wages and other economic benefits of her employment with the Defendant.  In addition, the Plaintiff has incurred counsel fees and other costs in pursuing her legal rights.

22.     Additionally, the Plaintiff has suffered emotional, psychological and physical distress, inconvenience, loss of reputation, humiliation and embarrassment as a direct result of the Defendant's discriminatory conduct as described above.

23.     The actions of the Defendant as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

24.     The actions on part of the Defendant are part of a plan, practice or pattern of discrimination, which affects others who are similarly situated to the Plaintiff.

        WHEREFORE, Plaintiff requests the following:

  a.  that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of Title VII of the Civil Rights Acts of 1964 and 1991;

  b.  that, in addition to the damages described hereinbefore above, the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant's violation of the Civil Rights Act of 1991;

  c.  that the Court order the Defendant to reinstate the Plaintiff to the position that she held prior to her demotion and increase the Plaintiff's salary to the level to which she would be entitled but for the discrimination described above, together with the accumulated seniority, fringe benefits, position and all other rights associated with that position; or, in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendant's discriminatory conduct;

  d.  that the Court award the Plaintiff compensation for any and all lost salary, wages and benefits;

  e.  that the Court order the Defendant to pay pre and post-judgment interest on any award given to the Plaintiff;

  f.  that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

  g.  that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT II:

RETALIATION

25. Plaintiff incorporates by reference Paragraphs 1 through 24 as though fully set forth at length herein.

26. As described hereinbefore above, Plaintiff engaged in protected activity, which included, but was not limited to, making complaints to Defendant's management regarding sex

discrimination and a sexually hostile work environment. However, Defendant made no investigation of these allegations and did not take any remedial action regarding the conduct complained of by Plaintiff.

27. As a direct result of having engaged in the above-described protected activities, Plaintiff suffered the adverse employment action of being demoted. Furthermore, as a direct result of Plaintiff's complaints, the Defendant created an atmosphere that was so hostile that Plaintiff suffered a constructive discharge.

28. As a direct result of the Defendant's retaliatory actions in violation of Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, the Plaintiff has lost wages and other economic benefits of her employment with the Defendant. In addition, the Plaintiff has incurred counsel fees and other costs in pursuing her legal rights.

29. Additionally, the Plaintiff has suffered emotional, psychological and physical distress, inconvenience, loss of reputation, humiliation and embarrassment as a direct result of the Defendant's discriminatory conduct as described above.

30. The actions of the Defendant as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

31. The actions on part of the Defendants are part of a plan, practice or pattern of retaliation, which affects others who are similarly situated to the Plaintiff.

   WHEREFORE, Plaintiff requests the following:

   a. that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of Title VII of the Civil Rights Acts of 1964 and 1991;

   b. that, in addition to the damages described hereinbefore above, the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant's violation of the Civil Rights Act of 1991;

  c. that the Court order the Defendant to reinstate the Plaintiff to the position that she held prior to her demotion and increase the Plaintiff's salary to the level to which she would be entitled but for the discrimination described above, together with the accumulated seniority, fringe benefits, position and all other rights associated with that position; or, in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendant's discriminatory conduct;

  d. that the Court award the Plaintiff compensation for any and all lost salary, wages and benefits;

  e. that the Court order the Defendant to pay pre and post-judgment interest on any award given to the Plaintiff;

  f. that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

  g. that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT III:

<u>EQUAL PAY ACT</u>

32. Plaintiff incorporates by reference Paragraphs 1 through 31 as though fully set forth at length herein.

33. As set forth above, throughout her employment with the Defendant, Plaintiff was paid lower wages than similarly situated males for substantially similar work in violation of the Equal Pay Act.

34. Plaintiff avers that she was paid less than similarly situated male employees who were performing substantially the same work as Plaintiff and who had equal or less than equal skill, effort and responsibility as the Plaintiff, as well as having similar work conditions as the Plaintiff while she was employed by the Defendant.

35.    As a direct result of the Defendant's discriminatory actions in violation of the Equal Pay Act, Plaintiff has lost wages and other economic benefits of her employment with the Defendant. Additionally, the Plaintiff has been forced to endure pain, suffering, humiliation, inconvenience, stress, anguish and mental and emotional distress as a result of the Defendant's violations of the aforementioned act. Moreover, the Plaintiff has incurred counsel fees and other costs in pursing her legal rights.

    WHEREFORE, Plaintiff requests the following:

        a.    that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of Equal Pay Act, 29 U.S.C. Section 201, et seq;

        b.    that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the Pennsylvania Human Relations Act;

        c.    that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful termination plus interest from the date of discrimination;

        d.    that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

        e.    that the Court order the Defendant to pay the Plaintiff a salary which is commensurate with the salary paid to her male counterparts;

        f.    that the Court order the Defendant to pay a back pay award for monies lost as a result of the Plaintiff being paid less than her male counterparts;

        g.    that in addition to the damages above, the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant's willful violation of the Civil Rights Act of 1991;

        h.    that the Court order the Defendant to reinstate the Plaintiff to the position she held before she was discriminated against, with the accumulated seniority, fringe benefits, and all other rights or in the alternative award the Plaintiff front pay damages;

      i.      that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

      j.      that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT IV:

<u>PHRA VIOLATIONS</u>

36. Plaintiff incorporates Paragraphs 1 through 35 as though fully set forth at length herein.

37. As set forth above, Defendant has discriminated against the Plaintiff because of her sex in violation of the Pennsylvania Human Relations Act, 43 Pa. C.S.A. Section 955(a).

38. As a direct and proximate result of Defendant's conduct, Plaintiff was discriminated against based on her sex, subjected to a hostile work environment and retaliated against based on her participation in a protected activity, and she suffered the adverse employment actions, injuries and damages set forth at length above.

39. As a direct result of the Defendant's discriminatory actions, and in violation of the PHRA, the Plaintiff has lost wages and other economic benefits of her employment with the Defendant. In addition, the Plaintiff has and or will incur counsel fees and other costs in pursuing her legal rights. The Plaintiff has also suffered from physical and emotional distress, inconvenience, humiliation, loss of standing among her peers, apprehension and stress.

40. The actions on the part of the Defendant were intentional and willful.

    WHEREFORE, Plaintiff requests the following:

      a.      that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the Pennsylvania Human Relations Act;

b.  that, in addition to the damages described hereinbefore above, the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant's violation of the Pennsylvania Human Relations Act;

c.  that the Court order the Defendant to reinstate the Plaintiff to the position that she held prior to her demotion and increase the Plaintiff's salary to the level to which she would be entitled but for the discrimination described above, together with the accumulated seniority, fringe benefits, position and all other rights associated with that position; or, in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendant's discriminatory conduct;

d.  that the Court award the Plaintiff compensation for any and all lost salary, wages and benefits;

e.  that the Court order the Defendant to pay pre and post-judgment interest on any award given to the Plaintiff;

f.  that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g.  that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

        Respectfully submitted,

        LAW OFFICES OF JOEL SANSONE

        s/Joel S. Sansone
        Joel S. Sansone, Esquire
        PA ID No. 41008
        Three Gateway Center, Suite 1700
        401 Liberty Avenue
        Pittsburgh, Pennsylvania  15222
        (412) 281-9194


        s/Massimo A. Terzigni
        Massimo A. Terzigni, Esquire
        Three Gateway Center, Suite 1700
        401 Liberty Avenue
        Pittsburgh, Pennsylvania  15222
        (412) 281-9194

Dated:  November 19, 2015